FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 26 2017 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY D'AQUILA, MICHAEL O'TOOLE,
MICHAEL BOURGAL, FRANK H. FINKEL,
JOSEPH A. FERRARA, SR., MARC HERBST,
DENISE RICHARDSON, and THOMAS CORBETT
as Trustees and fiduciaries of the Local 282 Pension
Trust Fund,

    Plaintiffs,         ORDER
                   CV 16-2636 (JFB) (SIL)
   – against –

AUBURNDALE MASON SUPPLY, INC.,

    Defendant.

----------------------------------------X

JOSEPH F. BIANCO, District Judge:

  On January 13, 2017, this Court entered default judgment against defendant and referred the matter of damages to Magistrate Judge Locke. (ECF No. 22.) On June 30, 2017, Judge Locke issued a report and recommendation ("R&R") recommending that plaintiff be awarded $217,176.00 in withdrawal liability, $123,790.32 in interest, $123,790.32 in liquidated damages, and $635.62 in costs. (ECF No. 24.) The R&R also recommended that plaintiffs' motion for attorneys be denied but plaintiffs be granted leave to resubmit an affidavit providing the details necessary for a calculation of such fees. (*Id.*) Plaintiffs subsequently filed an objection to the R&R in which they provided the information Magistrate Judge Locke discussed. (ECF No. 26.) Plaintiffs did not object to any other portion of the R&R.

  Where there are no objections, the Court may adopt an R&R without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766

1

(2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas,* 474 U.S. at 155)).

Although plaintiffs only objected to the attorneys' fees portion of the R&R, the Court has conducted a *de novo* review of the R&R's remaining recommendations in an abundance of caution. Having conducted a review of the full record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the findings and recommendations contained in the well-reasoned and thorough R&R with respect to damages and costs. Therefore, IT IS HEREBY ORDERED that plaintiff are awarded $217,176.00 in withdrawal liability, $123,790.32 in interest, $123,790.32 in liquidated damages, and $635.62 in costs.

In addition, because plaintiffs provided the information necessary for a calculation of attorneys' fees in their objection, IT IS FURTHER ORDERED that the Court refers this matter back to Magistrate Locke for a Report and Recommendation on plaintiffs' request for attorneys' fees.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: July 26, 2017
Central Islip, New York